IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BMJ PARTNERS LLC, | |
| Plaintiff, | No. 20-cv-03870 |
| v. | Judge John F. Kness |
| ARCH SPECIALTY INSURANCE CO., | |
| Defendant. | |

### ORDER

Defendant's motion to dismiss [15] is granted, and this case is dismissed with prejudice. See accompanying Statement for details.

### STATEMENT

Plaintiff BMJ Partners LLC brought this action seeking reimbursement from its insurer, Defendant Arch Specialty Insurance Company, for out-of-pocket costs Plaintiff allegedly incurred repairing a wind-damaged property in Carpentersville, Illinois. (Dkt. 1.) On September 4, 2020, Defendant served Plaintiff with a request to inspect the property under Rule 34 of the Federal Rules of Civil Procedure. (Dkt. 15-1.) Rather than allow Defendant to inspect the property, however, Plaintiff ignored numerous communications from Defendant and Plaintiff's counsel attempting to schedule an inspection. (Dkt. 19 at 3.) Having no luck contacting Plaintiff, Defendant filed a motion to dismiss for failure to prosecute or, alternatively, to compel Plaintiff to allow an inspection. (Dkt. 15.) At a status hearing held on February 9, 2021, Plaintiff's counsel reported that Plaintiff had not responded to various messages and was apparently incommunicado. (Dkt. 17.) Plaintiff's counsel also stated his intention to file a motion to withdraw from his representation of Plaintiff. (*Id.*) In response, the Court ordered that Plaintiff's counsel file any motion to withdraw on or before February 17, 2021. (*Id.*) But that date came and went with no action from Plaintiff or its counsel.

Plaintiff's silence prompted the Court to enter an order directing Plaintiff to show cause why this matter should not be dismissed for lack of prosecution. (Dkt. 18.) Plaintiff filed, through counsel, a response to Defendant's motion to dismiss. (Dkt. 19.) Plaintiff's response revealed that Plaintiff, rather than responding to Defendant's discovery requests, was busy selling the property to a buyer—who then tore down the

building. These steps, naturally, foreclosed any possibility of Defendant conducting a useful inspection. (*Id.* at 3.)

Plaintiff's flabbergasting admission requires that this case be dismissed with prejudice. To begin, Plaintiff has not come close to justifying a discharge of the pending show-cause order. Plaintiff's "response" (Dkt. 19) does not address the rule to show cause but instead is styled as a response to Defendant's pending motion to dismiss—even though the Court had not yet called for a responsive brief. Plaintiff's filing refers to the Court's show cause order only indirectly and does not deny, or offer any justification for, Plaintiff's having disregarded case-related communications for several months. Plaintiff's assurance that counsel has a new point of contact with Plaintiff (*id.* at 5) does not excuse Plaintiff's months-long neglect of this case. Because Plaintiff has not shown cause why this matter should not be dismissed for failure to prosecute, dismissal with prejudice on that basis would likely be warranted. *See In re Testosterone Replacement Therapy Prod. Liab. Litig.*, No. 14 C 1748, 2019 WL 1426008, at *1 (N.D. Ill. Mar. 29, 2019).

Even if failure to prosecute were not a sufficient basis for dismissal, however, Plaintiff's spoliation of evidence is. Courts have inherent authority to "sanction[] parties for failure to preserve potential evidence that is properly discoverable." *Wells v. Berger, Newmark & Fenchel, P.C.*, No. 07 C 3061, 2008 WL 4365972 at *6 (N.D. Ill. Mar. 18, 2008). Even dismissal with prejudice can, under the right circumstances, be permitted. *Greviskes v. Universities Rsch. Ass'n, Inc.*, 417 F.3d 752, 758–59 (7th Cir. 2005). Dismissal with prejudice is, of course, an extreme sanction; the Court cannot dismiss an action unless there is a record of delay or contumacious conduct. *Id.* Contumacious conduct means fault, bad faith, or willfulness. *Id.* Applying this rule, courts have dismissed cases for failure to preserve evidence when the resulting spoliation left the defendant with no ability to defend against the plaintiff's claims. *See, e.g., Allstate Ins. Co. v. Sunbeam Corp.*, 865 F. Supp. 1267, 1279 (N.D. Ill. 1994). Dismissal is also appropriate "where lesser sanctions under the circumstances would unfairly minimize the seriousness of the misconduct and fail sufficiently to deter such misconduct by others in the future." *Grubb v. Bd. of Trustees of Univ. of Ill.*, 730 F. Supp. 2d 860, 864 (N.D. Ill. 2010) (collecting cases).

Dismissal with prejudice is the only appropriate sanction for Plaintiff's discovery violations. Defendant made three separate initial requests to inspect the property: in October, November, and December 2019. (Dkts. 20-1 at 9-16.) Plaintiff allowed officials from the Village of Carpentersville to tour the property (Dkt. 20-2 at 5), but Plaintiff admits that it did not allow Defendant to inspect the property (or even respond to Defendant's requests) during the same period. (Dkt. 19 at 3.) Plaintiff filed this suit in June 2020, which led to Defendant's Rule 34 request to inspect the property in September 2020 and attempts to schedule an inspection in October, November, and December 2020. (Dkt. 1-1, Dkt. 15-1.) At that point, there could be no doubt that Plaintiff had an obligation to preserve the property until Defendant could

conduct an inspection. *See Wells*, 2008 WL 4365972 at *6 ("A party has a duty to preserve evidence over which it had control and reasonably knew or could reasonably foresee was material to a potential legal action").

But Plaintiff neglected to respond to Defendant's repeated requests and instead sold the property in October 2020. Adding insult to injury—or, more to the point, demonstrating its willful intransigence—Plaintiff found time during that same period to allow inspections of the building during the closing period by both the Village of Carpentersville and the property's buyer. (Dkt. 20-2 at 11.) Given Defendant's repeated requests to inspect the property while Plaintiff was still in control and possession of it, and given that Plaintiff made the property available to others before the sale, it is Plaintiff's fault that an inspection is no longer possible. *See Marrocco v. Gen. Motors Corp.*, 966 F.2d 220, 224 (7th Cir. 1992) ("the Supreme Court has expressly stated that sanctions may be appropriate in any one of three instances—where the noncomplying party acted either with willfulness, bad faith or fault").

Plaintiff's failure to preserve the property cannot be remedied by any sanction short of dismissal. Of signal importance is the extent of the alleged damage to the property and the cost of repair. (*See* Dkt. 1 ¶¶ 8-9.) Plaintiff's failure to allow an inspection rendered Defendant incapable of mounting the defense to which it was entitled. It is unclear, for example, how Defendant could possibly contest the value of the repairs Plaintiff undertook now that the building has been demolished. Because it is Plaintiff's fault that evidence crucial to Defendant's defense has been destroyed, dismissal with prejudice is the only appropriate remedy. *See Allstate Ins. Co.*, 865 F. Supp. at 1279 (rejecting sanctions other than dismissal with prejudice in products liability action where defendant "was inextricably harmed in its ability to defend the lawsuit" when plaintiff destroyed the product plaintiff claimed was defective).

Plaintiff seeks to avoid this result by asserting Defendant has all of the evidence it needs to mount a defense. More specifically, Plaintiff offers the following salves: (1) Defendant's claims adjuster inspected the property in September 2018; and (2) Plaintiff took "nearly forty high resolution color photographs" before the wind-damaged building was destroyed. (Dkt. 19 at 2-3.) Plaintiff misapprehends its obligations under the Rules of Civil Procedure. Under Rule 34, Defendant was entitled to conduct an inspection of the property for the purpose of gathering evidence in this litigation and informing its experts and counsel. Fed. R. Civ. 34(a)(2) ("A party may serve on any other party a request . . . to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it"). A claims adjuster's inspection of the property that occurred in 2018—two years before Plaintiff filed this lawsuit—is not a substitute for a Rule 34 inspection. This is especially so given Plaintiff's admission

3

that "[t]he property's condition . . . had changed from June 12, 2018 through October 2020 because no permanent repairs were able to be completed." (Dkt. 19 at 3.)

Plaintiff's photographs of the property are similarly poor substitutes for a Rule 34 inspection. On the contrary, that Plaintiff felt compelled to photograph the property to document its condition suggests only that Plaintiff was aware the factual record of the property's condition required further development. Plaintiff was not entitled to make that record entirely on its own terms without allowing Defendant to participate in the process. Accordingly, the Court finds Defendant is incapable of mounting a defense based on the existing record and that dismissal with prejudice is therefore warranted. *Marrocco*, 966 F.2d at 225.

Even if the existing evidence were sufficient to allow Defendant to mount some type of defense, dismissal with prejudice would still be warranted. Dismissal is proper "where lesser sanctions under the circumstances would unfairly minimize the seriousness of the misconduct and fail sufficiently to deter such misconduct by others in the future." *Grubb*, 730 F. Supp. 2d at 864 (collecting cases). Plaintiff disregarded its obligations in this case from the very start. Defendant filed its answer on July 22, 2020. (Dkt. 10.) The parties then agreed to set March 1, 2021 as the deadline for the close of fact discovery. (Dkt. 13.) After Plaintiff's counsel received Defendant's September 4, 2020 request for inspection, Plaintiff neglected to respond to its counsel's requests to schedule an inspection repeatedly over the course of several months. (Dkts. 15-2, 15-3, 15-4, 15-5.) Plaintiff's abandonment of this litigation caused the Court to enter an order directing Plaintiff to show cause why this action should not be dismissed for failure to prosecute. (Dkt. 18.)

As it turns out, Plaintiff was busy allowing inspections to advance the sale of the property during the entire period Plaintiff was ignoring its counsel's requests to schedule Defendant's inspection. (Dkt. 20-2.) It is apparent from the record that Plaintiff's interest in the sales process came at the expense of Plaintiff's interest in this litigation. Allowing Plaintiff to turn its attention to this case now (after it allowed *the* key piece of evidence to be destroyed while a request to inspect that evidence was pending) would be grossly unfair to Defendant and would "minimize the seriousness of the misconduct and fail sufficiently to deter such misconduct by others in the future." *Grubb*, 730 F. Supp. 2d at 864. That is not a result the Court can abide. Accordingly, the case is dismissed with prejudice.

SO ORDERED in No. 20-cv-03870.

Date: August 20, 2021

JOHN F. KNESS
United States District Judge

4